IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANGEL A. FLORES,

                                                                OPINION and ORDER

                 Plaintiff,

                                                               17-cv-526-bbc

      v.

DR. KING,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On September 21, 2017, I granted pro se plaintiff Angel A. Flores leave to proceed on his claim that defendant Dr. King, the medical director at the Federal Correctional Institution in Oxford, Wisconsin, violated plaintiff's Eighth Amendment rights. I denied him leave to proceed on any other claim, but gave him an opportunity to clarify the factual basis of his discrimination claim and denial of medication clam against defendant Ms. Laufenberg, the health services administrator, as well as to name the United States as defendant for his Federal Tort Claims Act claim.

Plaintiff responded by filing an 18-page document in which he adds new allegations and claims, as well as more than 60 pages of exhibits. He also filed a document that named the United States as the only defendant, dkt. #14 at 1, and a separate document naming the Federal Correctional Institution at Oxford, Wisconsin, Dr. King and Ms. Laufenberg as defendants. Dkt. #14 at 1, 2. Plaintiff's new allegations are still insufficient to state a claim of discrimination or any claim against Laufenberg. Additionally, plaintiff's new allegations

1

regarding unfair co-payment requirements do not state a claim for relief. With respect to plaintiff's claim against defendant King, the allegations in plaintiff's supplemental filings contradict some of the allegations in his original complaint and undermine his claim against defendant King. Therefore, I will give plaintiff one final opportunity to file an amended complaint that clearly explains his claims against King and includes the United States as a defendant in the caption of his complaint. Finally, plaintiff says that he wishes to add "Dr. Harvey" as a defendant and includes allegations regarding Dr. Harvey's alleged failure to treat plaintiff's medical condition. However, because it is unclear whether plaintiff's proposed claims against Dr. Harvey can proceed in the same lawsuit with his claims against Dr. King, I will reserve a ruling on whether plaintiff may proceed with a claim against Dr. Harvey until after plaintiff submits a proposed amended complaint.

OPINION

A. Eighth Amendment Claim against Defendant Laufenberg

In his original complaint, plaintiff had contended that defendant Laufenberg violated his Eighth Amendment rights by telling him to purchase pain medication from the commissary. I explained that this allegation was not enough to state a violation of the Eighth Amendment, because plaintiff had not explained enough about Laufenberg's alleged statement, such as why he needed pain medication and why Laufenberg would have known he needed it. I gave plaintiff the opportunity to provide more information about his claim against Laufenberg regarding pain medication.

In his supplemental filings, plaintiff does not include any more information about his claim against Laufenberg relating to the denial of pain medication. Instead, plaintiff includes a few allegations about how Laufenberg responded to emails plaintiff sent to Laufenberg about his medical care. To the extent plaintiff was intending to bring claims based on Laufenberg's responses, his allegations are inadequate. His allegations do not suggest that Laufenberg was responsible for treating his medical needs or that she was responsible for reviewing the decisions of his treating physicians. In short, it is not clear what plaintiff believes Laufenberg did to violate his rights. Therefore, plaintiff may not proceed with his claims against Laufenberg.

B. Discrimination Claim

In his original complaint, plaintiff had contended that he was discriminated against because he is Latino, but plaintiff had failed to identify how and when he was discriminated against or by whom. As I explained previously, to state a claim of discrimination under the equal protection clause, a plaintiff must plead (1) "that he is a member of a protected class"; (2) "that he is otherwise similarly situated to members of the unprotected class"; and (3) "that he was treated differently from members of the unprotected class." Brown v Budz, 398 F.3d 904, 916 (7th Cir. 2005) (quoting McNabola v. Chicago Transit Authority., 10 F.3d 501, 513 (7th Cir. 1993)). A plaintiff must also plead sufficient facts to show that the defendant "adopted and implemented a policy not for a neutral . . . reason but for the purpose of discriminating on account of race, religion, or national origin." Ashcroft v. Iqbal,

3

556 U.S. 662, 676-77 (2009). In other words, a plaintiff must allege an improper motive, and not merely a discriminatory impact. Washington v. Davis, 426 U.S. 229, 245 (1976).

In his supplement, plaintiff alleges that he was denied soft-soled shoes by defendants King and Laufenberg, even though some white inmates with less severe medical conditions have received soft-soled shoes. Although plaintiff has now explained why he believes he was subjected to discriminatory treatment, his allegations are still insufficient to state a claim because he has not alleged that it was defendant King or Laufenberg who provided the soft-soled shoes to white inmates. Without such an allegation, I cannot infer that King and Laufenberg's refusal to provide shoes to plaintiff free of charge was motivated by his race. Accordingly, plaintiff has failed to state a claim of discrimination.

### C. Claim Challenging Co-Payment

In his supplemental filings, plaintiff states that he wishes to challenge that Bureau of Prison's imposition of a $2 co-payment for medical visits. However, because plaintiff does not allege that he has been denied medical care because of an inability to pay the co-payment, this claim is foreclosed by Poole v. Isaacs, 703 F.3d 1024, 1027 (7th Cir. 2012), in which the Court of Appeals for the Seventh Circuit held that imposition of a modest fee for medical services provided to inmates with adequate resources to pay does not violate the Constitution. Accordingly, plaintiff may not proceed with a claim challenging the co-payment requirement.

### D. Claims against Defendant King

In the previous screening order, I held that plaintiff could proceed with a claim under the Eighth Amendment against defendant Dr. King, based on plaintiff's allegations that at a November 3, 2016 appointment, King refused to provide any treatment for plaintiff's heart condition and painful growths on his hands and feet. In particular, plaintiff had alleged that King stated he would not provide treatment or spend money on plaintiff because plaintiff was an inmate who was wasting King's time. Dkt. #10 at 5. Plaintiff also alleged that King refused to give him his heart medication and refused to give him a soft shoe pass for pain in his feet, telling plaintiff that he was "wasting" King's time. Id. at 2. I also stated that plaintiff had alleged facts sufficient to bring a negligence claim based on King's actions under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, but that plaintiff needed to file an amended complaint that included the United States as a defendant.

The allegations in plaintiff's supplement/proposed amended complaint relating to defendant King appear to contradict plaintiff's original allegations. In particular, plaintiff now alleges that when he saw King on November 3, 2016 for a physical, King requested that plaintiff be seen by an orthopedic specialist for the growths on his hands and feet, which King suspected to be Dupuytren's nodules. Dkt. #14 at 6-7. As for plaintiff's heart condition, King noted that plaintiff had a history of a heart murmur and possible arrhythmia. King did not believe plaintiff needed to continue taking a daily aspirin and discontinued that. However, King ordered that plaintiff receive an electrocardiogram, a number of lab tests and have his blood pressure and pulse checked weekly. Id. As for

5

plaintiff's request for soft shoes, King told plaintiff that he could purchase his own shoes from the commissary. Dkt. #15.

Plaintiff's new allegations, which are corroborated by the medical records plaintiff submitted, dkt. #14-1, do not support plaintiff's contention that defendant King was deliberately indifferent to plaintiff's medical needs. King responded to plaintiff's concerns about the growths on his hands and feet by recommending that plaintiff be seen by an orthopedic surgeon. Although the appointment with the specialist ultimately did not occur as scheduled, plaintiff does not suggest that King was at fault. King responded to plaintiff's concerns about his heart by scheduling an electrocardiogram and regular pulse and blood pressure checks. Although plaintiff suggests that King should not have discontinued his aspirin, plaintiff alleges that the aspirin prescription was restarted the following month, and he has not alleged that being without aspirin for one month caused him any serious medical problems. Finally, King responded to plaintiff's requests for soft shoes by telling plaintiff soft shoes were available in the commissary.

Rather than displaying deliberate indifference, King's various alleged actions suggest that he ordered treatment he believed was appropriate for plaintiff's history and health concerns. Although plaintiff may have disagreed with King's treatment decisions, plaintiff's disagreements are not enough in themselves to state a claim for deliberate indifference or negligence. Gutierrez v. Peters, 111 F.3d 1364, 1374 (7th Cir. 1997). Additionally, although plaintiff may believe that the prison should provide him soft soled shoes free of charge, it does not violate the Eighth Amendment to require inmates who are able to contribute to the cost of their care. Pooles, 703 F.3d at 1026.

If the allegations in plaintiff's supplement/proposed amended complaint were the only allegations in this case involving defendant King, I would dismiss plaintiff's Eighth Amendment and negligence claims against King for failure to state a claim upon which relief may be granted. However, because plaintiff's supplemental allegations are inconsistent with the allegations in his original complaint involving King, I will give plaintiff a chance to clarify his claim against King. (See instructions at pps. 8-9 below.)

### E. New Claim against Dr. Harvey

In his supplemental filings, plaintiff says that he wants to add Dr. Harvey, another physician at the prison, as a defendant. Plaintiff alleges that on numerous occasions in 2017, Dr. Harvey refused to provide treatment for the painful growths on his hands and feet. Plaintiff's allegations are sufficient to state a claim under the Eighth Amendment against Harvey for his alleged failure to provide medical treatment for plaintiff's serious medical needs.

At this point, plaintiff's claim against Dr. Harvey is the only claim for which plaintiff has alleged sufficient facts to state a claim upon which relief may be granted. However, I will not permit plaintiff to proceed with a claim against Dr. Harvey at this time because it is not clear whether plaintiff will be proceeding on any other claim against any other defendant and if so, whether all his claims can proceed in the same lawsuit under Rule 20 of the Federal Rules of Civil Procedure. Rule 20 prohibits a plaintiff from bringing unrelated claims against different defendants in the same lawsuit. Until plaintiff makes attempt to explain his claims against defendant King, I cannot determine whether plaintiff may proceed against multiple

7

defendants without violating Rule 20. Owens v. Godinez, 860 F.3d 434 (7th Cir. 2017) ("[D]istrict courts should not allow inmates to flout the rules for joining claims and defendants, see Fed. R. Civ. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint. Unrelated claims against different defendants belong in different suits.") (internal quotations omitted). Therefore, after plaintiff submits a proposed second amended complaint, I will determine whether plaintiff may proceed with a claim against Harvey.

## F. Next Steps

Before this case may proceed further, plaintiff needs to file a single, proposed amended complaint that provides fair notice to defendants King and Harvey of the claims he is asserting against them. The amended complaint must stand on its own, meaning that the amended complaint should include King, Harvey and the United States in the caption and include all relevant allegations. Plaintiff should not refer back to previous documents or complaints he has filed.

Plaintiff should draft the amended complaint as if he were telling a story to people who know nothing about his situation. This means that someone reading the complaint should be able to answer the following questions:

(1) What is the nature of plaintiff's health problem(s)?

(2) What treatment has he received for his health problem(s), who provided it and when?

8

(3) Why does he believe defendants King and Harvey violated his rights with respect to treatment of his health conditions?

(4) What did each individual defendant do that makes him or her liable for failing to treat plaintiff's health condition(s)?

(5) How does plaintiff think the court can help him?

Plaintiff should take care to identify the specific actions taken by defendants King and Harvey that he believes violated his rights. In doing so, he should consider the relevant legal standards set forth in this order and the previous screening order, dkt. #10. He should set forth his allegations in separate, numbered paragraphs using short and plain statements. Plaintiff should avoid included legal arguments and extraneous information about the grievance process. After plaintiff finishes drafting his proposed amended complaint, he should review the complaint and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

If plaintiff submits an amended complaint by the deadline set forth below, I will review it. If he does not submit an amended complaint or show good cause why he is unable to do so, I will enter an order granting leave to proceed against Dr. Harvey on an Eighth Amendment relating to Dr. Harvey's alleged failure to provide care for the growths on plaintiff's hands and feet, and will dismiss all of the other defendants and claims.

ORDER

IT IS ORDERED that

1. Plaintiff Angel A. Flores is DENIED leave to proceed on claims against defendant Ms. Laufenberg.

2. Plaintiff may have until December 28, 2017, to file an amended complaint that includes the United States as a defendant and clarifies his claims against defendants Dr. King and Dr. Harvey and complies with the requirements set forth above.

Entered this 11th day of December 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge