IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANGEL A. FLORES,

                Plaintiff,

     v.

DR. KING and UNITED STATES,

                Defendant.

OPINION AND ORDER

17-cv-526-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On September 21, 2017, pro se plaintiff Angel A. Flores was granted leave to proceed on a claim that defendant Dr. King, the medical director at the Oxford Correctional Institution, violated plaintiff's rights under the Eighth Amendment by failing to provide him treatment for his cysts, heart and blood pressure conditions and foot pain. I denied him leave to proceed on any other claim, but gave him an opportunity to clarify the factual basis of his discrimination claim and denial of medication clam against defendant Ms. Laufenberg, the health services administrator, as well as to name the United States as defendant for a Federal Tort Claims Act claim based on King's actions. Dkt. #10.

Plaintiff then filed a proposed amended complaint and several supplements, which undermined his original claims against Dr. King and failed to include sufficient allegations to state a claim against Laufenberg. Dkt. #14. On December 11, 2017, I told plaintiff that he had one final opportunity to file an amended complaint that clearly explained his claims.

1

Dkt. #19.

Plaintiff then filed a third amended complaint, naming only Dr. King and the United States as defendants. Dkt. #20. I screened that complaint, and concluded that the allegations in plaintiff's third amended complaint were sufficient to state a claim against defendant Dr. King under the Eighth Amendment and Wisconsin negligence law regarding King's alleged failure to refer plaintiff to a cardiologist for his serious heart condition. Dkt. #24. However, plaintiff's allegations regarding the cysts on his hands and feet were not sufficient to support a claim tat King has been deliberately indifferent or negligent in caring for plaintiff.

Now, plaintiff has filed a proposed fourth amended complaint, in which he repeats many of the same allegations contained in his previous complaints, including allegations and claims against Laufenberg that I dismissed previously. Dkt. #29. I am construing plaintiff's filing as a motion for leave to file a fourth amended complaint and will deny the motion.

Plaintiff has shown no reason why it is necessary or appropriate to file yet another amended complaint. Plaintiff's proposed fourth amended complaint seeks simply to revive claims against Laufenberg that were dismissed previously, but he has included no new allegations that alter my previous conclusions that plaintiff has failed to state a claim against her. The other allegations in the proposed fourth amended complaint relate to plaintiff's claim that Dr. King failed to provide adequate treatment for plaintiff's heart condition, but he has already been granted leave to proceed on that claim. Therefore, I will deny plaintiff leave to file a fourth amended complaint. The third amended complaint will remain the

operative pleading in this case.

As plaintiff was instructed in the most recent order, dkt. #24 at 2, he should refrain from submitting any additional supplements or amendments to his complaint at this time. Such submissions only result in delaying resolution of plaintiff's claims. This case was filed more than 8 months ago and it is time to move forward with setting a schedule and litigating the claims on which plaintiff has been permitted to proceed.

ORDER

IT IS ORDERED that plaintiff Angel A. Flores' motion for leave to file a fourth amended complaint, dkt. #29, is DENIED.

Entered this 2d day of April, 2018.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge