IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANGEL A. FLORES,

                                                              OPINION AND ORDER

            Plaintiff,

                                                             17-cv-526-bbc

    v.

DR. KING and UNITED STATES,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff and prisoner Angel A. Flores is proceeding on claims that defendant Dr. King violated the Eighth Amendment and the Federal Tort Claims Act by failing to refer plaintiff to a cardiologist for his serious heart condition. Now before the court is defendants' motion for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies before filing suit. Dkt. #35. For the reasons wet out below, I will grant defendants' motion with respect to plaintiff's claim under the Federal Tort Claims Act, but will deny the motion with respect to plaintiff's Eighth Amendment claim. In light of this ruling, defendants' motion to stay discovery pending the outcome of their motion, dkt. #38, will be denied as moot.

      Also before the court are plaintiff's motions to amend his complaint, dkt. ##33, 41, and a motion to compel. Dkt. #34. Those motions will be denied.

OPINION

A. Exhaustion of Eighth Amendment Claim

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025.

To exhaust administrative remedies at the Federal Correctional Institution in Oxford, Wisconsin, where plaintiff was housed, inmates must follow the inmate complaint review process set forth in 28 C.F.R. §§ 542.10-19. An inmate must first file an informal remedy request, called a BP-9, with the appropriate institution staff member. If the inmate is not satisfied with the response to his informal request, he is required to file his complaint with the warden (BP-9). 28 C.F.R. § 542.14. The deadline for completion of these two steps is 20 days following the date on which the basis for the request occurred. 28 C.F.R. § 542.14(a).

If the inmate is dissatisfied with the warden's response, he may appeal the decision to the regional director (BP-10) within 20 calendar days of the date the warden responded.

28 C.F.R. § 542.15. Finally, if an inmate is dissatisfied with the regional director's response, he may appeal to the general counsel's central office (BP-11) within 30 days of the date the regional director signed the response. Id. Once the general counsel has responded, an inmate has exhausted all of his administrative remedies.

In this case, plaintiff filed two inmate complaints that are potentially relevant to his claim against defendant regarding treatment of his heart condition: Remedy 889041 and Remedy 920695. The second inmate complaint, Remedy 920695, cannot satisfy plaintiff's administrative exhaustion requirements because plaintiff submitted it in November 2017, several months after he initiated this lawsuit on July 7, 2017. Under 42 U.S.C. § 1997(e), exhaustion must be completed *before* an inmate files his lawsuit. Thus, inmate complaints filed and exhausted after this lawsuit was filed are irrelevant. Ford v. Johnson, 362 F.3d 395, 397 (7th Cir. 2004).

This leaves plaintiff's Remedy 889041, which he submitted on January 19, 2017, before filing this lawsuit. In his BP-9 request to the warden, plaintiff requested pain medication for chest pains and cysts on his neck, toe and hands. On February 7, 2017, the warden denied plaintiff's request, noting that plaintiff had been treated in the health services unit. Plaintiff appealed to the regional office (BP-10). On March 21, 2017, the regional director concluded that the warden had adequately addressed plaintiff's concerns and instructed plaintiff that he could appeal to the central office if he was dissatisfied with the regional director's response. Under Bureau of Prison regulations, plaintiff had until April 20, 2017 to file a timely appeal with the central office.

According to plaintiff, he did not receive the regional director's response until mid-April 2017. He says he immediately drafted a BP-11 appeal to the central office and placed it in the mail on April 16, 2017. However, the central office did not receive plaintiff's BP-11 appeal until June 12, 2017. Because the central office received the appeal more than 30 days after the regional director's response to plaintiff's BP-10, it rejected the appeal as untimely. The rejection notice provided two reasons for the rejection, stating:

> Reject Reason 1: Your appeal is untimely. Central Office Appeals must be received within 30 days of the Regional Director's response. This time limit includes mail time.
>
> Reject Reason 2: Provide staff verification stating reason untimely filing was not your fault.

Dkt. #1-1 at 17.

Defendants argue that plaintiff failed to complete the grievance process for Remedy 889041 because he failed to file a timely BP-11 to appeal the regional director's decision. However, plaintiff has submitted a sworn statement saying that he mailed his BP-11 appeal on April 16, 2017, immediately after receiving the regional director's decision on his BP-10. Defendants have submitted no evidence to dispute plaintiff's statement that he mailed the BP-11 on April 16, 2017. Instead, defendants argue that once plaintiff learned that the central office had rejected his appeal as untimely, he was obligated to "resubmit the appeal with an appropriate staff verification indicating the untimely filing was not his fault." Dfts.' Reply Br., dkt. #40, at 3.

Defendants' argument is not persuasive. Defendants cite 29 U.S.C. § 542.17 and the central office's rejection notice itself to support its argument, but neither states clearly that

4

plaintiff could have resubmitted his BP-11 to the central office with an explanation that he had filed it before the deadline. Section 542.17(b) states that a rejection notice may "inform the inmate of a reasonable time extension within which to correct the defect and resubmit the Request or Appeal," but if "the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection . . . to the next appeal level." Id. § 542.17(c). Here, the rejection notice did not give plaintiff a time within which to correct his defect and resubmit his BP-11. Although the rejection notice states that "reason 2" for the rejection was plaintiff's failure to "[p]rovide staff verification stating reason untimely filing was not your fault," the notice says nothing about resubmitting the appeal or sets a deadline for doing so. Additionally, plaintiff could not appeal the central office's rejection to the "next appeal level" under § 542.17(c), because the central office is the highest level in the grievance process.

Defendants' only argument with respect to Remedy 889041 is that plaintiff failed to file a timely BP-11. Because defendants have not submitted evidence sufficient to prove their exhaustion defense, their motion for summary judgment for failure to exhaust plaintiff's Eighth Amendment claim will be denied.

B. Exhaustion of Claim under Federal Tort Claims Act

A plaintiff may not bring a claim under the Federal Tort Claims Act unless he first presents his claim for relief to the appropriate federal agency and the agency has denied the claim. 28 U.S.C. § 2675(a). Failure to exhaust remedies before bringing suit dooms the

claim. McNeil v. United States, 508 U.S. 106, 113 (1993); Palay v. United States, 349 F.3d 418, 425 (7th Cir. 2003). In this instance, there is no dispute that plaintiff failed to present his federal tort claim to the Bureau of Prisons using the appropriate procedures under 28 C.F.R. § 14.2 before filing this lawsuit. Plaintiff argues only that he exhausted via the institution's grievance process, which is not sufficient to exhaust plaintiff's Federal Tort Claims Act claim. Therefore, I will grant defendants' motion for summary judgment with respect to plaintiff's claim under the Act. That claim will be dismissed without prejudice.

C. Motions to Amend Complaint

Plaintiff has filed a proposed fifth amended complaint, requesting that Health Services Director Laufenberg be added as a defendant. Dkt. #33. He also filed a motion to supplement his complaint with information about recent medical problems. Dkt. #41. These motions will be denied. Although Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires," it is "not to be automatically granted." Johnson v. Cypress Hill, 641 F.3d 867, 871–72 (7th Cir. 2011) (citation omitted). "[District] courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." Id. In this instance, plaintiff has had numerous chances to plead allegations against Laufenberg sufficient to state a claim upon which relief may be granted, but he has failed to do so. In this most recent filings, plaintiff includes no specific allegations that alter my previous conclusions that plaintiff has failed to state a claim against her. Rather, his allegations against Laufenberg are vague and conclusory

and do not identify specific instances in which Laufenberg violated his rights or concern recent medical problems that are unrelated to his claim against defendant King regarding his heart problem. Moreover, this case has now been pending for more than a year. I am not inclined to expand it at this stage to include new claims or defendants. Therefore, I will deny plaintiff's motions for leave to amend his complaint.

### D. Motion to Compel

Plaintiff has also filed a motion to compel medical records and other documents from defendants. Dkt. #34. That motion will be denied because plaintiff submitted his motion to the court before submitting any actual discovery requests to defendants. Plaintiff should review Federal Rules of Civil Procedures 34 and 37, as well as the instructions for obtaining discovery from defendants set forth in the Pretrial Conference Order, dkt. #32, and submit discovery requests to defendants' counsel directly. Plaintiff should not contact the court for assistance in obtaining discovery without first communicating with defendants' counsel.

ORDER

IT IS ORDERED that

1. The motion of defendants Dr. King and the United States for summary judgment, dkt. #35, is GRANTED IN PART and DENIED IN PART. Defendants' motion is GRANTED with respect to plaintiff's claim under the Federal Tort Claims Act and that claim is DISMISSED without prejudice for plaintiff's failure to exhaust his administrative remedies. The motion is DENIED in all other respects.

2. Defendant United States is DISMISSED from the suit.

3. Plaintiff Angel A. Flores's motion for leave to file a fifth amended complaint, dkt. #33, motion to compel, dkt. #34, and motion to supplement his complaint, dkt. #41, are DENIED.

4. Defendants' motion to stay discovery pending resolution of their motion for summary judgment, dkt. #38, is DENIED as moot.

Entered this 24th day of September, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge